IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHIMAINE WARD,

    Plaintiff,                                  2:10-cv-0019 KJN

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                              <u>ORDER</u>

_____/

        Plaintiff is a former prisoner proceeding through counsel.  On January 4, 2010, defendants Schwarzenegger and James filed a notice of removal and requested a screening order issue and that their obligation to respond to the complaint be extended.  (Dkt. No. 1.)  On January 12, 2010, defendants California Department of Corrections and Rehabilitation ("CDCR") and Cate joined in the removal.  (Dkt. No. 3.)

        On January 25, 2010, the previously assigned magistrate judge granted defendants' motion for an extension of time, and granted defendants thirty days from the date of the court's screening order to file a responsive pleading.  (Dkt. No. 4.)

        On March 17, 2010, plaintiff filed a notice of plaintiff's non-prisoner status and objected to the court's screening pursuant to 28 U.S.C. § 1915A.  Defendants have not filed a response to the March 17 filing.

1

Title 28 § 1915A(a) provides:

> **Screening** - The court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

Id. The word "prisoner" is defined as

> any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 § 1915A(c).

Here, plaintiff is neither incarcerated nor detained in any facility. Plaintiff's counsel has provided a declaration averring that plaintiff was "released from the Bureau of Prisons' custody on December 1, 2008" and plaintiff was "never a prisoner during the pendency of this action." (March 17, 2010 Norris Decl. at 5.) Neither the complaint nor plaintiff's March 17 filing reflect that plaintiff is presently on parole, and defendants have not so demonstrated. Thus, the complaint is not subject to screening pursuant to 28 § 1915A. Accordingly, the January 25, 2010 order will be vacated.

Plaintiff's complaint was filed in state court on October 14, 2008. All defendants have been served with process. Defendants CDCR and Cate were the last defendants served, and they signed waivers on January 8, 2010. Given the delay in the processing of this case, through no fault of plaintiff's, the court will direct defendants to respond to the complaint forthwith, but in any event, no later than twenty-one days from the date of this order.

Moreover, Local Rule 302(c) sets forth the duties to be performed in civil matters by a magistrate judge pursuant to 28 U.S.C. § 636(a), (b)(1)(A), (b)(1)(B), (b)(3), or other law. Local Rule 302(c). Because plaintiff is not "in custody," this matter is not a prisoner case, and is not automatically referred to a magistrate judge. Local Rule 302(c)(17). Because plaintiff is not proceeding "in propria persona," this action is not initially assigned to a magistrate judge. Rule

302(c)(21). Thus, the Clerk of the Court will be directed to remove the prisoner designation from the court docket, change the nature of suit code to 440,[1] and randomly assign this action to a district judge. The undersigned will remain assigned as the magistrate judge in this action.

Good cause appearing, IT IS HEREBY ORDERED that:

1. The January 25, 2010 order is vacated.

2. Defendants shall respond to the complaint forthwith, but in any event, no later than twenty-one days from the date of this order. Any request for an extension of time will be viewed disfavorably.

3. The Clerk of the Court is directed to remove the prisoner designation from the court docket, change the nature of suit code to 440, and randomly assign this action to a district judge.

DATED: June 2, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ward0019.ans

---

[1] See Civil Cover Sheet filed January 4, 2010 (Dkt No. 1-2).