IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHIMAINE WARD,

    Plaintiff,                         No. 2:10-cv-0019 KJN

    vs.

BROWN, et al.,

    Defendants.                     <u>ORDER</u>

_____/

        Plaintiff, proceeding through counsel, seeks relief pursuant to 42 U.S.C. § 1983. All parties consented to proceed before the undersigned for all purposes. <u>See</u> 28 U.S.C. § 636(c). Plaintiff claims that defendants' refusal to correct his release date from state prison caused him to be over detained in federal prison. Defendants' motion for summary judgment is presently pending.

        Plaintiff's complaint alleges that defendants violated various constitutional rights and committed negligence, false imprisonment, and intentional and negligent infliction of emotional distress, in violation of California state law. Defendants Schwarzenegger and James removed the action to this court on January 4, 2010. On January 12, 2010, defendant Cate and the California Department of Corrections ("CDCR") joined in the removal. On September 10, 2010, the motion to dismiss plaintiff's federal constitutional claims filed by defendants

1

Schwarzenegger and Cate was granted, and CDCR's motion to dismiss plaintiff's federal claims was granted, but CDCR's motion to dismiss plaintiff's state law claims was denied. (Dkt. No. 28.) Thus, this action is proceeding on plaintiff's claim that defendant James violated plaintiff's rights under the Fourth, Fifth,[1] Ninth, and Fourteenth Amendments; defendants falsely imprisoned plaintiff; defendant James intentionally caused plaintiff to suffer emotional distress; defendants negligently caused plaintiff to suffer emotional distress; defendants were negligent; and defendants CDCR, Brown, and Cate negligently hired, retained, supervised, and disciplined their subordinates.

However, in plaintiff's opposition to the motion for summary judgment, plaintiff states he would not address Section VI of defendants' motion for summary judgment as defendants Cate and Brown were dismissed from this action, citing the district court's ruling on the motion to dismiss (dkt. no. 28). As set forth above, defendants Cate and Brown did not move to dismiss plaintiff's state law claims. (Dkt. No. 15 at 1, 2 n.1.) Thus, plaintiff's state law claims as to defendants Cate and Brown are still viable. Good cause appearing, plaintiff is granted an additional twenty-one days to file an opposition to the motion for summary judgment filed by defendants Cate and Brown on plaintiff's state law claims. Defendants are granted fourteen days thereafter to file a reply. Based on this additional briefing, oral argument on the motion is continued to August 2, 2012.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days, plaintiff shall file an opposition to the motion for summary judgment filed by defendants Cate and Brown on plaintiff's state law claims; defendants' reply is due fourteen days thereafter;

2. With their supplemental briefing, either party is invited to submit a copy of the Bureau of Prisons' letter dated May 2003 allegedly declining to receive plaintiff into federal

---

[1] Plaintiff now concedes the Fifth Amendment claim. (Dkt. No. 65 at 5.)

2

custody (referenced at Dkt. No. 58-3 at 36); and

        3.  Hearing on defendants' motion for summary judgment is continued from June 7, 2012, to Thursday, August 2, 2012, at 10:00 a.m., in Courtroom #25.

DATED: June 4, 2012

                                          _____
                                          KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

ward0019.fb